STATE OF SOUTH CAROLINA
IN THE SUPREME COURT

APPEAL FROM OCONEE COUNTY
COURT OF COMMON PLEAS

Honorable J. C. Nicholson, Jr., Circuit Court Judge

Case No.: 2005-CP-37-356

Daniel L. Crowe, 250759, ........................................... Petitioner,

v.

State of South Carolina, ........................................... Respondent.

APPENDIX

Daniel E. Grigg
Assistant Attorney General
Post Office Box 11549
Columbia, SC 29211-1549
(803) 734-3970

*Counsel for Respondent*

Richard H. Warder
15 Primrose Street
P.O. Box 26133
Greenville, SC
(864) 271-9955

*Counsel for Petitioner*

## INDEX

Application for Post Conviction Relief .................................................

Return to Application for Post Conviction Relief .......................................

Conditional Order of Dismissal .......................................................

Return of Applicant to Conditional Order of Dismissal .................................

Order of Dismissal ..................................................................

Notice of Appeal ....................................................................

FILED OCONEE, SC
SALLIE C. SMITH
CLERK OF COURT

2005 APR 26 P 2:24

COPY

STATE OF SOUTH CAROLINA

County of __OCONEE__

In the Court of Common Pleas

2005-CP-37-356

__DANIEL LEWIS CROWE__
*Full name and prison number (if any) of Applicant,*

vs.

__STATE OF SOUTH CAROLINA__
*Name of Respondent.*

## APPLICATION FOR POST-CONVICTION RELIEF

### INSTRUCTIONS — READ CAREFULLY

In order for this application to receive consideration by the Court, it shall be in writing (legibly handwritten or typewritten), signed by the applicant and verified (notarized), and it shall set forth in concise form the answers to each applicable question. If necessary, applicant may furnish his answer to a particular question on the reverse side of the page or on an additional page. Applicant shall make it clear to which question any such continued answer refers.

Since every application must be sworn to under oath, any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Applicants should, therefore, exercise care to assure that all answers are true and correct.

If the application is taken *in forma pauperis,* it shall include an affidavit (attached at the back of the form) setting forth information which establishes that applicant will be unable to pay the fees and costs of the proceedings. When the application is completed, the original shall be mailed to the Clerk of Court for the County in which applicant was convicted.

1. Place of detention __Perry Correctional Institution, 530 Oaklawn Drive Pelzer, South Carolina__

2. Name and location of Court which imposed sentence __Oconee County General Sessions Court, Wahalla, South Carolina__

3. The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:
   (a) __97-GS-23-702__
   (b) _____
   (c) _____

4. The date upon which sentence was imposed and the terms of the sentence:
   (a) __June 23, 1998__
   (b) _____
   (c) _____

5. Check whether a finding of guilty was made
   (a) after a plea of guilty _____
   (b) after a plea of not guilty ___yes___
   (c) after a plea of nolo contendere _____

6. Did you appeal from the judgment of conviction or the imposition of sentence?
   ___yes___

7. If you answered "yes" to (6), list
   (a) the name of each Court to which you appealed:
      i. South Carolina Supreme Court
      ii. _____
      iii. _____
   (b) the result in each such Court to which you appealed:
      i. Conviction Affirmed
      ii. _____
      iii. _____
   (c) the date of each such result:
      i. Opinion Submitted June 9, 2000
      ii. _____
      iii. _____
   (d) if known, citations of any written opinion or orders entered pursuant to such results:
      i. Memorandum Opinion No. 2000-MO-102 submitted June 9, 2000
      ii. Filed - July 20, 2000
      iii. _____

8. If you answered "no" to (6), state your reasons for not so appealing:
   (a) _____
   (b) _____
   (c) _____

9. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
   (a) have discovered evidence and witness that saw and/or knows that Defendant was involuntarily given drugs to render him
   (b) under influence at the time of crime
   (c) _____

10. State concisely and in the same order the facts which support each of the grounds set out in (9):
    (a) This is new evidence that if known and presented at the time of trial would have resulted in a different result
    (b) _____
    (c) _____

11. Prior to this application have you filed with respect to this conviction
    (a) any petition in a State Court under South Carolina Law? __yes__
    (b) any petitions in State or Federal Courts for habeas corpus or post-convictions relief? __yes__
    (c) any petitions in the United States Supreme Court for certiorari other than petitions, if any, already specified in (7)? __no__
    (d) any other petitions, motions or applications in this or any other Court?
        __no__

12. If you answered "yes" to any part of (11), list with respect to each petition, motion or application:
    (a) the specific nature thereof:
        i. __Prior PCR__
        ii. _____
        iii. _____
        iv. _____
    (b) the name and location of the Court in which each was filed:
        i. __Oconee County Court of Common Pleas__
        ii. _____
        iii. _____
        iv. _____
    (c) the disposition thereof:
        i. __dismissed__
        ii. _____
        iii. _____
        iv. _____
    (d) the date of each such disposition:
        i. __2005__
        ii. _____
        iii. _____
        iv. _____
    (e) if known, citations of any written opinions or orders entered pursuant to each such disposition:
        i. __none__
        ii. _____
        iii. _____
        iv. _____

13. Has any ground set forth in (9) been previously presented to this or any other Court, State or Federal, in any petition, motion or application which you have filed?
    __no__

14. If you answered "yes" to (13), identify:

 (a) which grounds have been presented:

   i. _____
   ii. _____
   iii. _____

 (b) the proceedings in which each ground was raised:

   i. _____
   ii. _____
   iii. _____

15. If any ground set forth in (9) has not previously been presented to any Court, State or Federal, set forth the ground, and state concisely the reasons why such ground has not previously been presented:

 (a) The new evidence and witness that would change result and get new trial have just been discovered
 (b) _____
 (c) _____

16. Were you represented by an attorney at any time during the course of:

 (a) your arraignment and plea? _____
 (b) your trial, if any? yes
 (c) your sentencing? yes
 (d) your appeal, if any, from the judgment of conviction or the imposition of sentence? _____
 (e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed? yes

17. If you answered "yes" to one or more parts of (16), list:

 (a) the name and address of each attorney who represented you

   i. N. Gruber, Sires, Jr.
      P.O. Box 1277, Seneca, SC
   ii. Richard H. Warder
       P.O. Box 26133, Greenville, SC 29616
   iii. _____

 (b) the proceedings at which each such attorney represented you:

   i. N.Gruber Sires, Jr. @ trial
   ii. Richard H. Warder, @ prior PCR
   iii. _____

18. State clearly the relief you seek in filing this application.
    New Trial

19. Are you now under sentence from any other court that you have not challenged?
    no

STATE OF SOUTH CAROLINA

County of Greenville

**VERIFICATION**

I, Daniel Crouse, being duly sworn upon my oath, depose and say that I have subscribed to the foregoing application; that I know the contents thereof; that it includes every ground known to me for vacating, setting aside or correcting the conviction and sentence attacked in this application; and that the matters and allegations therein set forth are true.

Daniel Crowe

SWORN to and subscribed before me this 25 day of March, 19 2005

Patricia ___ (L.S.)
Notary Public

My Commission Expires: 1-24-2006

---

## APPLICATION TO PROCEED WITHOUT PREPAYMENT
## OF COSTS AND AFFIDAVIT
## IN SUPPORT THEREOF

I, _____, hereby apply for leave to proceed in this action without prepayment of fees or costs or security therefor. In support of my application I declare under penalty of perjury that the following facts are true:

(1) I am the applicant in this action and I believe I am entitled to redress.

(2) Because of my poverty I am unable to pay the costs of said proceeding or give security therefor.

_____
*Applicant*

SWORN or affirmed to and subscribed before me this

_____ day of _____, 19____



STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF OCONEE ) 
) 2005-CP-37-356
Daniel L. Crowe, # 250739, )
)
Applicant, )
)
vs. ) CONDITIONAL ORDER OF DISMISSAL
)
State of South Carolina, )
)
Respondent. )
)

This matter comes before this Court by way of an application for post-conviction relief filed April 26, 2005. The Respondent made its Return and Motion to Dismiss on June 13, 2005.

The records before this Court reflect that the Applicant is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Oconee County. The Applicant was indicted at the July 1997 term of the Oconee County grand jury for Murder (97GS-37-702). N. Gruber Sires, Esquire, represented him. On June 25, 1998, the Applicant underwent trial by jury pursuant to which he was found guilty of the charge. He was sentenced by the Honorable Gerald C. Smoak to confinement for a period of life.

A timely Notice of Appeal was filed on Applicant's behalf and an appeal was perfected. The South Carolina Supreme Court affirmed Applicant's conviction and sentence. State v. Crowe, Op. No. 2000-MO-102 (S.C. Sup. Ct. filed July 20, 2000).

The Applicant subsequently filed an application for PCR on August 21, 2001. The State filed its Return and an evidentiary hearing was held before the Honorable Alexander S. Macaulay, at

1

which the Applicant was present and was represented by Richard Warder, Esquire. Judge Macaulay denied and dismissed the Applicant's first application as untimely. No appeal was filed.

Before this Court are the records of the Oconee County Clerk of Court regarding the subject conviction; the Applicant's records from the South Carolina Department of Corrections, the transcript of Applicant's trial, the opinion of the Court of Appeals denying the Applicant's direct appeal, the Applicant's prior application for post- conviction relief dated April 26, 2005, and Respondent's Return to same; and the Order of Judge Macaulay denying and dismissing Applicant's first application. Any of the above not so attached will be forwarded upon receipt.

In his current application, the Applicant alleges that he is being held in custody unlawfully for the following reason:

1. "have discovered evidence and witness that saw and/or knows that Defendant was involuntarily given drugs to render him under the influence at the time of the crime".

This Court finds that the current application for post-conviction relief must be summarily dismissed because it is successive to his prior application for post-conviction relief. S.C. Code Ann. §17-27-90 provides that:

> All grounds for relief available to an application under this chapter must be raised in his original, supplemental or amended Application. Any ground finally adjudicated or not so raised, knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the Applicant has taken to secure relief, may not be the basis for a subsequent Application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended Application.

2

Successive applications are disfavored and the burden is on the Applicant to establish that he could not have raised any new ground raised in a subsequent application in a previous application. Foxworth v. State, 275 S.C. 615, 274 S.E.2d 415 (1981); Aice v. State, 305 S.C. 448, 409 S.E.2d 392 (1991); Arnold v. State/Plath v. State, 309 S.C. 157, 420 S.E.2d 834 (1992).

This Court finds that the current allegations were or could have been raised in the proceedings based on Applicant's prior application for post-conviction relief and thus the current application is successive and barred under S.C. Code § 17-27-90. The Applicant has failed to establish sufficient reason why he could not have raised his current allegations in his previous application for post-conviction relief; therefore, he has failed to meet the burden imposed upon him. Land v. State, 274 S.C. 243, 262 S.E.2d 735 (1980); Aice v. State, supra; Arnold v. State/Plath v. State, supra.

This Court finds, further, that this Application for Post-Conviction Relief should be summarily dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. § 17-27-10, et. seq. S.C. Code Ann. §17-27-45(a) reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgement of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

The South Carolina Supreme Court has held that the statute of limitations shall apply to all applications filed after July 1, 1996. Peloquin v. State, 321 S.C. 468, 469 S.E.2d 606 (1996). The Applicant was convicted of the offense he challenges in this application on June 25, 1998. The Supreme Court's decision was filed, after the Applicant's unsuccessful appeal, on August 7, 2000.

3

This Application was filed on April 26, 2005; well after the one-year statutory filing period had expired.

A motion for summary judgment may properly be used to raise the defense of statute of limitations. McDonnell v. Consolidated School District of Aiken, 315 S.C. 487, 445 S.E.2d 638 (1994). In addition, S.C. Code Ann. §17-27-70(c) (1985) authorizes the Court to "grant a motion by either party for summary disposition of [an] application when it appears from the pleadings ... that there is no genuine issue of material fact and the moving party is entitled to judgement as a matter of law." Therefore, this Court finds that the application for post-conviction relief is summarily dismissed for failure to file within the time mandated by statute and for being successive.

Based upon its review of the pleadings in this matter, this Court does not see the need to appoint counsel to represent the Applicant and expresses its intent to summarily dismiss this matter unless the Applicant advises this Court with specific reasons, factual or legal, why it should not dismiss the matter in its entirety. The Applicant is granted twenty (20) days from the date of service of this Order upon him to show why this Order should not become final by filing any reasons he may have with the Clerk of Court for Oconee County, South Carolina.

AND IT IS SO ORDERED this 22 day of Sept, 2005.

J.C. Nicholson, Jr.
Administrative Judge
Tenth Judicial Circuit

Anderson, South Carolina


A TRUE COPY
OCT - 4 2005

4

01/18/2006  06:46  8642328045  RICHARD WARDER

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF OCONEE ) | 2005-CP-37-356 |
| ) | |
| Daniel L. Crowe, #250759, ) | |
| ) | |
| Applicant, ) | |
| ) | |
| -vs- ) | RETURN TO CONDITIONAL |
| ) | ORDER OF DISMISSAL |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |

2005 OCT 19 P 3 22
SALLIE L. SMITH
CLERK OF COURT

Applicant, by and through his undersigned attorney, hereby files this Return to the Order of Conditional Dismissal filed on October 4, 2005 with the Oconee County Clerk of Court.

Applicant would show that after-discovered evidence was not raised in his previous Post Conviction Relief Application filed on August 21, 2001. However, Appellant would show that since the hearing and denial of that application, his son has learned of witnesses who know that he was given involuntary drugs which rendered him under the influence at the time of the alleged crime.

There is further evidence that will show that while he was under the influence, there was an attempt upon his life and he acted against the alleged victim in self defense.

Applicant would show that since the hearing on his Post Conviction Relief Application, he has learned of an additional witness who is in the prison system, who was a witness to the events resulting in his involuntary intoxication and the attempt upon his life wherein he reacted in self defense.

Applicant would show that these grounds could not have possibly been raised in his previous application because he did not know of the witnesses existence, nor was he aware that

the witness was present on the night in which he acted in self defense resulting in the death of another man for which he is currently in prison for. Applicant would cite the case of Aice v. State, 305 S.C. 448, 404 SE2d 392, as being legal authority for the proposition that he is entitled to a second and successive Post Conviction Relief Application in cases wherein the grounds raised in the second application could not have been raised in the previous application Aice v. State, 305 S.C. 450. In the instant case, it was impossible for the Applicant to raise the aforementioned grounds in his original application because he never knew that there was a witness present at the incident location, or that he had been drugged involuntarily.

Therefore, the Applicant respectfully asks the Court to schedule an evidentiary hearing on his Post Conviction Relief Application so that the new grounds herein could be raised.

Respectfully submitted,

*Richard Warder*

RICHARD H. WARDER
ATTORNEY FOR APPLICANT
P. O. BOX 26133
GREENVILLE, SC 29616

October 18, 2005

Greenville, South Carolina

STATE OF SOUTH CAROLINA )
) IN THE COURT OF COMMON PLEAS
COUNTY OF OCONEE ) TENTH JUDICIAL CIRCUIT

2005-CP-37-356

Daniel L. Crowe, # 250759, )
)
Applicant, )
)
v. ) FINAL ORDER
)
State of South Carolina, )
)
Respondent. )

FILED OCONEE, SC
SALLIE C. SMITH
CLERK OF COURT
2005 NOV -2 P 4: 47

This matter comes before the Court pursuant to an application for post-conviction relief (PCR) filed April 26, 2005. The Respondent (the State) made its Return and Motion to Dismiss on June 13, 2005, requesting that the application be summarily dismissed. Pursuant to this request, and after reviewing the pleadings in this matter and all of the records attached thereto, this Court issued a Conditional Order of Dismissal dated September 22, 2005, provisionally denying and dismissing this action, while giving Applicant twenty (20) days from the date of service of said Order in which to show why the dismissal should not become final. Attached to this Final Order and incorporated herein by reference is an Affidavit of Service dated October 4, 2005, serving the above-mentioned Conditional Order of Dismissal on Applicant.

In a document captioned "Return to Conditional Order of Dismissal", dated October 18, 2005, Applicant argues that he has obtained new evidence and learned of new witnesses that could prove he was under the influence of drugs and acted in self-defense. This Court has reviewed Applicant's response to the State's motion to dismiss in its entirety, in conjunction with the original

pleadings, and finds that a sufficient reason has not been shown why the Conditional Order of Dismissal should not become final.

IT IS THEREFORE ORDERED that, for the reasons set forth in the Court's Conditional Order of Dismissal, the application for PCR is hereby denied and dismissed with prejudice.

This Court hereby advises Applicant that he must file and serve a Notice of Appeal within thirty (30) days of the service of this Order to secure appellate review. *See* Rule 203, SCACR. Applicant's attention is directed to Rule 227, SCACR, for the procedures following the filing and service of the Notice of Appeal.

AND IT IS SO ORDERED this __31__ day of __Oct.__, 200_5_.

J.C. Nicholson, Jr.
Administrative Judge
Tenth Judicial Circuit

Anderson, South Carolina.

FILED OCONEE, SC
SALLIE C. SMITH
CLERK OF COURT
2005 NOV -2 P 4:47

A TRUE COPY

THE STATE OF SOUTH CAROLINA
IN THE SUPREME COURT

APPEAL FROM OCONEE COUNTY
COMMON PLEAS COURT

HONORABLE J.C. NICHOLSON, JR.
2005-CP-37-356

DANIEL CROWE,......................APPELLANT,

v.

STATE OF SOUTH CAROLINA............RESPONDENT,

---

NOTICE OF INTENT TO APPEAL

---

Daniel Crowe appeals the Final Order and Conditional Order of Dismissal, dated November 2, 2005 and October 4, 2005 signed by the Honorable J.C. Nicholson, Jr.

Respectfully Submitted

November 8, 2005

Richard H. Warder
Attorney At Law
15 Primrose Street
P.O. Box 26133
Greenville, South Carolina

Other counsel of record:

Daniel E. Grigg
Assistant Attorney General Office
P.O. Box 11549
Columbia, South Carolina 29211-1549