STATE OF SOUTH CAROLINA
IN THE SUPREME COURT

———————

Appeal from Oconee County
Honorable John C. Nicholson, Jr., Judge
2005-CP-37-00356

———————

DANIEL L. CROWE,

PETITIONER,

v.

STATE OF SOUTH CAROLINA,

RESPONDENT.

———————

SUPPLEMENTAL APPENDIX

———————

HENRY DARGAN MCMASTER
Attorney General

JOHN W. MCINTOSH
Chief Deputy Attorney General

SALLEY W. ELLIOTT
Assistant Deputy Attorney General

DANIEL E. GRIGG
Assistant Attorney General

Post Office Box 11549
Columbia, South Carolina 29211

ATTORNEYS FOR RESPONDENT.

# INDEX

Application for Post-Conviction Relief of Prior PCR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Clerk Records of Prior PCR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Return and Motion To Dismiss of Prior PCR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Order of Dismissal of Prior PCR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

STATE OF SOUTH CAROLINA          )
                                 :  IN THE COURT OF COMMON PLEAS
COUNTY OF OCONEE                 )


Daniel Lewis Crowe               )
                                 :
       Applicant,                )
                                 :
-vs-                             :  **APPLICATION FOR**
                                 )  **POST CONVICTION RELIEF**
State of South Carolina,         :  2001- CP. 37- 446
                                 )
       Respondent,               :
                                 )
_____:

FILED OCONEE, SC
SALLIE C. SMITH
CLERK OF COURT
2001 AUG 21 AM 9: 11

1.    **Place of detention**: Perry Correctional Institution

2.    **Name and location of Court which imposed sentence**: Oconee County
Courthouse Oconee, SC

3.    **The indictment number or numbers (if known) upon which and the offense
or offenses for which sentence was imposed:**

      (a) 97-GS-23-702
      (b)
      (c)

4.    **The date upon which sentence was imposed and the terms of the
sentence:**

      (a) June 23, 1998
      (b)
      ©

5.    **Check whether a finding of guilty was made:**

      (a) after a plea of guilty  _____
      (b) after a plea of not guilty __xx_____
      © after a plea of nolo contendere _____

6.    **Did you appeal from the judgment of conviction or the imposition of
sentence?**  Yes

P.O. .. no .. Att. Warden,

7.    **If you answered "yes" to (6), list:**
      **(a) the name of each Court to which you appealed:**
         I The Supreme Court _____
         ii _____
         iii _____

      **(b) the result in each such Court to which you appealed:**
         I Affirmed _____
         ii _____
         iii _____

      **© the date of each such result:**
         I August 8, 2000 _____
         ii _____
         iii _____

      **(d) if known, citations of any written opinion or orders entered pursuant to**
such results:
         I _____
         ii _____
         iii _____

8.    **If you answered "no" to (6), state your reasons for not so appealing:**

      (a)
      (b)
      ©

9.    **State concisely the grounds on which you base your allegation that you are**
**being held in custody unlawfully:**

      (a) Attorney did not object to improper evidence
      (b) Attorney failed to make Pre-Trial Motions
      ©

10.   **State concisely and in the same order the facts which support each of the**
**grounds set out in (9):**
      1.

      2.

11.   **Prior to this application have you filed with respect to this conviction**
      **(a) any petition in a State Court under South Carolina Law? _____**
      **(b) any petitions in State or Federal Courts for habeas corpus or post-**
convictions relief? _____

© any petitions in the United States Supreme Court for certiorari other than petitions, if any, already specified in (7)? _____

(d) any other petitioners, motions or applications in this or any other Court? _____

12.    If you answered "yes" to any part of (11), list with respect to each petition, motion or application:

(a) the specific nature thereof:

I _____
ii _____
iii _____
iv _____

(b) the name and location of the Court in which each was filed:

I _____
ii _____
iii _____
iv _____

© the disposition thereof:

I _____
ii _____
iii _____
iv _____

(d) the date of each such disposition:

I _____
ii _____
iii _____
iv _____

(e) if known, citations of any written opinions or orders entered pursuant to each such disposition:

I _____
ii _____
iii _____
iv _____

13.    Has any ground set forth in (9) been previously presented to this or any other Court, State or Federal, in any petition, motion or application which you have filed? _____

14.    If you answered "yes" to (13), identify:
(a) which grounds have been presented:

I _____
ii _____
iii _____

**(b) the proceedings in which each ground was raised:**

I _____
ii _____
iii _____

15.    If any ground set forth in (9) has not previously been presented to any Court, State or Federal, set forth the ground , and state concisely the reasons why such ground has not previously been presented:

(a)
(b)
(c)

16.    Were you represented by an attorney at any time during the course of:
(a) your arraignment and plea? _____
(b) your trial, if any? _X_____
(C) your sentencing? _X_____
(d)   your appeal, if any, from the judgment of conviction or the imposition of sentence? _x____
**(e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed? _No_**

17.    **If you answered "yes" to one or more parts of (16), list:**

(a) **the name and address of each attorney who represented you**
I N. Gruber Sires, Jr. Public Defender for Oconee County _____
ii Joseph L. Savitz, III, S.C. Appellate Defense _____
iii _____

(b) **the proceedings at which each such attorney represented you:**
I _Jury Trial and Sentencing_____
ii _Appeal_____

18.    **State clearly the relief you seek in filing this application.** _____

19.    **Are you now under sentence from any other court that you have not challenged?** _____

FILED OCONEE, SC
SALLIE C. SMITH
CLERK OF COURT

STATE OF SOUTH CAROLINA )     **VERIFICATION**    2001 AUG 21 AM 9: 11

COUNTY OF GREENVILLE )

I, _____, being duly sworn upon my oath, depose and say that I have subscribed to the foregoing application; that I know the contents thereof; that it includes every ground known to me for vacating, setting aside or correcting the conviction and sentence attacked in this application; and that the matters and allegations therein set forth are true.

_____
ATTORNEY FOR APPLICANT

SWORN to before me this the 9th
day of August, 2001.

_____
NOTARY PUBLIC FOR SOUTH CAROLINA
MY COMMISSION EXPIRES: 3-24-2006

========================================================================

## APPLICATION TO PROCEED WITHOUT PREPAYMENT
## OF COSTS AND AFFIDAVIT
## IN SUPPORT THEREOF

I, _____, hereby apply for leave to proceed in this action without prepayment of fees or costs or security therefor. In support of my application, I declare under penalty of perjury that the following facts are true:

(1) I am the applicant in this action and I believe I am entitled to redress.

(2) Because of my poverty I am unable to pay the costs of said proceeding or give security therefor.

_____

SWORN or affirmed to and subscribed before the
this _____ day of _____, 2001

_____
NOTARY PUBLIC FOR SOUTH CAROLINA
MY COMMISSION EXPIRES: _____



FILED COUNT, CO
SALLIE C. SMITH
CLERK OF COURT

2001 AUG 21  AM 9: 12

August 9, 2001

Sally Smith
Clerk of Court
Post Office Box 678
Wahalla, South Carolina 29691

RE:   **PCR Application**
      Daniel Crowe

Dear Ms. Smith:

Enclosed please find the original and one (1) copy of the Application for Post Conviction Relief regarding the above-captioned applicant.

I would appreciate your filing and returning clocked copies to my office in the self-addressed stamped envelope provided.

Thank you for your assistance in this matter.

Sincerely,

Richard H. Warder

RHW/pjn
Enclosure(s)

VS

DANIEL LEWIS CROWE

17,637

CASE NO: _____ 97 _____ GS-37- 702

WARRANT NO: F415358

CHARGE: Murder

The sentence of the Court is that DANIEL LEWIS CROWE _____, the defendant named in this

indictment be confined to the State Board of Corrections/County Detention for a term of natural life (months) (years)
Your                    without Parole

(and) (or) pay a fine of $ _____ : provided that upon the service of _____ (yr) (mt)

(and) (or) payment of $ _____ plus (pay) (waive) cost and assessments as applicable*, the

blance is suspended and the defendant is placed on probation for _____ (months) (years).

RESTITUTON: (yes) (no)

HEARING HELD OR WAIVED ON: _____

PAYABLE TO CLERK FOR (VICTIM) _____

SPECIAL CONDITIONS OF PROBATION AND/OR SENTENCE: _____

_____

_____

_____

_____

_____

PHYSICAL INJURY   $ _____

(and)   (or)

PROPERTY DAMAGE   $ _____

TOTAL   $ _____

DATE: June 25 1998

COST AND ASSESSMENTS:

FINE $ _____

NON WAIVABLE $ _____

NOT WAIVED $ _____

TOTAL $ _____

COPY RECEIVED BY: _____
                    Defendant
E Teague

COURT REPORTER: E Teague

Presiding Judge   Smith

Clerk of Court

_____ Birth
Social Security
Drivers License _____
ATTORNEY FOR DEF. _____
ADDRESS _____ Pub Def

M/F
B/W

WHITE - Clerk     PINK - Detention     YELLOW - Probation Dept.     GOLD - Defendant's Copy

FORM 5    (12/87)

STATE OF SOUTH CAROLINA    )
                           )    INDICTMENT FOR MURDER
COUNTY OF OCONEE           )    16-3-20    (116)

At a Court of General Sessions, convened on _____ JULY 23, 1997 _____,

the Grand Jurors of _____ OCONEE _____ County present upon their oath:

## COUNT ONE — MURDER

That _____ DANIEL LEWIS CROWE _____

did in _____ OCONEE _____ County on or about _____ JUNE 8, 1997 _____,

feloniously, wilfully and with malice aforethought, kill one _____ EDWARD HEATON _____

_____

by means of _____ SHOOTING HIM _____

and that the said victim died as a proximate result thereof.

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

_George M. Dueworth_
SOLICITOR

**WITNESSES**

OCSD/SHERIFF

Mich Crowh

ARREST WARRANT NO.  F415358

**ACTION OF GRAND JURY**

True Bill

███████████████████

~~eman~~ of Grand Jury

**VERDICT**

~~nan~~ of Petit Jury                Date:

---

# The State of South Carolina,

County of  OCONEE

17,637

### COURT OF GENERAL SESSIONS

JULY                TERM  1997

### THE STATE

vs.  17 ½

DANIEL LEWIS CROWE

GEORGE M. DUCWORTH, SOLICITOR

# Indictment for Murder

16-3-20        (116)

**ARREST WARRANT**

**F- 415358**

**STATE OF SOUTH CAROLINA**

[X] County/ [ ] Municipality of
OCONEE COUNTY

**THE STATE**

against

...NE, DANIEL LEWIS

...ss:

TMINSTER, SC  29696

SSN:

...  Race: W   Height: 5'11"  Weight: 165

...ate: 0/0  DL #:

... Agency ORI #: 3700

...cuting Agency: SHER DEPT

...cuting Officer: ANY LAWFUL OFFICER

...se: MURDER

Offense Code: 116

.../Ordinance Sec. 16-3-10

warrant is **CERTIFIED FOR SERVICE** in the
County/ [ ] Municipality of

_____ . The accused
to be arrested and brought before me to be
lt with according to law.

_____ (L.S.)
Signature of Judge

te: _____

**RETURN**

copy of this arrest warrant was delivered to
efendant CROWE, DANIEL LEWIS
. 6-8-97

Signature of Constable/Law Enforcement Officer

RETURN WARRANT TO:
OCONEE COUNTY SHERIFF'S OFFICE
OCONEE LEC
COUNTY MAIL ROOM
WALHALLA, S.C.

---

S.C. Attorney General
July 26, 1990
SCCA 518

**STATE OF SOUTH CAROLINA**

[X] County/ [ ] Municipality of
OCONEE COUNTY

**AFFIDAVIT**

Personally appeared before me the affiant SHERIFF, STANLEY
being duly sworn deposes and says that defendant CROWE, DANIEL LEWIS
did within this county and state on 06/08/97 violate the criminal laws of
State of South Carolina (or ordinance of [X] County/ [ ] Municipality of OCONEE
in the following particulars:

**DESCRIPTION OF OFFENSE:** MURDER
16-3-10

I further state that there is probable cause to believe that the defendant named above did com
the crime set forth and that probable cause is based on the following facts:

THE DEFENDANT DID WITH MALICE AFORETHOUGHT CAUSE THE DEATH OF EDWARD
LEROY HEATON, [ ] ROAD, WALHALLA, S.C., BY SHOOTING HIM WITH A SHOTGUN,
STRIKING THE VICTIM IN THE UPPER TORSO OF THE BODY.  INCIDENT OCCURRED AT
[ ] ROAD, WALHALLA, S.C., IN OCONEE COUNTY.  INVESTIGATED BY OCONEE
COUNTY SHERIFF'S DEPARTMENT.

Sworn to and subscribed before me
on JUNE 08, 1997

_____ (L.S.)
Signature of Issuing Judge

Signature of Affiant

Affiant's Address O.L.E.C., 300 S. CHURCH STR...
WALHALLA, SC  29691

Affiant's Telephone 864 638-4111

---

**STATE OF SOUTH CAROLINA**

[X] County/ [ ] Municipality of
OCONEE

**ARREST WARRANT**

**TO ANY LAW ENFORCEMENT OFFICER OF THIS STATE OR MUNICIPALITY OR ANY CONSTABLE OF THIS COUNTY**

It appearing from the above affidavit that there are reasonable grounds to believe
on 06/08/97 defendant CROWE, DANIEL LEWIS
did violate the criminal laws of the State of South Carolina (or ordinance of
[X] County/ [ ] Municipality of OCONEE ) as set forth below:

**DESCRIPTION OF OFFENSE:** MURDER
16-3-10.

Now, therefore, you are empowered and directed to arrest the said defendant and bring him or he
me forthwith to be dealt with according to law. A copy of this Arrest Warrant shall be delivered
defendant at the time of its execution or as soon thereafter as is practicable.

_____ (L.S.)
Signature of Issuing Judge

Judge Code: 655

D.E. MEDFORD

Judge's Address OLEC, 300 S. CHURCH ST.
WALHALLA, SC 29691

Judge's Telephone 864 638-4125

Issuing Court: [X] Magistrate  [ ] Municipal  [ ]

**ORIGINAL**

**BAIL** set by

*Dilltop is Medford*
*Appearance - Not Available*
*/8/97*

nd Amount: _____

f Surety: _____

**PRELIMINARY HEARING** held by

_____

Attorney: _____

**DISPOSITION** before

_____

te jury trial, bench trial, plea, nol. pros., etc.)

_____

**JURORS**

_____  _____

_____  _____

_____  _____

**WITNESSES**

Name: _____
Address: _____
_____
Telephone: _____

Name: _____
Address: _____
_____
Telephone: _____

Name: _____
Address: _____
_____
Telephone: _____

Name: _____
Address: _____
_____
Telephone: _____

Name: _____
Address: _____
_____
Telephone: _____

Name: _____
Address: _____
_____
Telephone: _____

Name: _____
Address: _____
_____
Telephone: _____

Name: _____
Address: _____
_____
Telephone: _____

**CODEFENDANTS**

_____

_____

FILED FOR RECORD
OCONEE COUNTY
S.C.

JUN 23  3 27 PM '97

SALLIE C. SMITH
CLERK OF COURT

STATE OF SOUTH CAROLINA    )    IN THE COURT OF GENERAL SESSIONS

COUNTY OF  Oconee    )    INDICTMENT NO.  97-GS-37-702

THE STATE    )

   -VS-    )    VERDICT FORM

Daniel Lewis Crowe .    )

_____

1.  WE FIND THE DEFENDANT, DANIEL LEWIS Crowe, GUILTY OF
    MURDER.

2.  WE FIND THE DEFENDANT, _____, GUILTY OF
    VOLUNTARY MANSLAUGHTER.

3.  WE FIND THE DEFENDANT, _____, NOT GUILTY.

6/25/98
____DATE    ████████████████████
            SIGNATURE OF FOREMAN

AFTER THE VERDICT FORM IS COMPLETED AND SIGNED BY THE FOREMAN,
REPORT TO THE COURT.

STATE OF SOUTH CAROLINA          )
                                 )     IN THE COURT OF COMMON PLEAS
COUNTY OF OCONEE                 )

                                       2001-CP-37-446

Daniel Lewis Crowe, # 250759,    )
                                 )
        Applicant,               )
                                 )
v.                               )     RETURN AND
                                 )     MOTION TO DISMISS
State of South Carolina,         )
                                 )
        Respondent.              )
_____)

The Respondent, making its Return to the application for Post-Conviction Relief filed August 21, 2001, would respectfully show this Court:

I.

The Applicant is presently confined in the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Oconee County. The Applicant was indicted at the July 1997 term of the Oconee County grand jury for Murder (97-GS-37-702). He was represented by N. Gruber Sires, Esquire. On June 25, 1998, the Applicant underwent trial by jury pursuant to which he was found guilty of the charge. He was sentenced by the Honorable Gerald C. Smoak to confinement for a period of life.

A timely Notice of Appeal was filed on Applicant's behalf and an appeal was perfected. The South Carolina Supreme Court affirmed Applicant's conviction and sentence on July 20, 2000. State v. Crowe, Op. No. 2000-MO-102. The remittitur was sent down on August 7, 2000.

1

Attached herewith and incorporated herein by reference are the records of the Oconee County Clerk of Court regarding the subject convictions, the Applicant's records from the South Carolina Department of Corrections, the transcript of the Applicant's trial, and the opinion of the Supreme Court denying the Applicant's direct appeal. Any of the above not so attached will be sent upon receipt.

II.

In his current Application, the Applicant alleges that he is being held in custody unlawfully for the following reasons:

1.     "Attorney did not object to improper evidence."

2.     Attorney failed to make Pre-Trial Motions."

III.

The State submits that the current application for PCR should be summarily dismissed for failure to comply with the filing procedures of the Act. S.C. Code Ann. § 17-27-10 to -160 (1976 & Supp. 1997). The Act reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

S.C. Code Ann. § 17-27-45(a) (Supp. 1998).

The South Carolina Supreme Court has held that the statute of limitations shall apply to all applications filed after July 1, 1996. Peloquin v. State, 321 S.C. 468, 469 S.E.2d 606 (1996). Those individuals convicted before the enactment of the statute have until July 1, 1996 to timely file their

2

application. The Applicant was convicted of the offense(s) he challenges in this Application on June 25, 1998. The remittitur was sent down, after the Applicant's unsuccessful appeal, on August 7, 2000. This Application was filed on August 21, 2001, well after the one year statutory filing period had expired.

A motion for summary judgement may properly be used to raise the defense of statute of limitations. McDonnell v. Consolidated School District of Aiken, 315 S.C. 487, 445 S.E.2d 638 (1994). In addition, S.C. Code Ann. § 17-27-70(c) (1985) authorizes the PCR Court to "grant a motion by either party for summary disposition of [an] application when it appears from the pleadings . . . that there is no genuine issue of material fact and the moving party is entitled to judgement as a matter of law." Therefore, the State requests that this Court summarily dismiss the Application for PCR for failure to file within the time mandated by statute.

IV.

Further, the Respondent submits that the doctrine of laches bars the Applicant from raising these allegations in a post-conviction relief application. Absent some explanation or justification for the delay in seeking post-conviction relief, laches will prevent an Applicant from seeking collateral review of his conviction, especially where the delay affects the availability of evidence to refute the applicant's claims. McElrath v. State, 276 S.C. 282, 277 S.E.2d 890 (1981); Honeycutt v. Ward, 612 F.2d 36 (2nd Cir. 1979). Whitehead v. State, 352 S.C. 215, 574 S.E.2d 200 (2002).

To ensure finality of litigation, our courts require reasonable diligence in pursuing collateral relief. This requirement "guards the state's legitimate expectation that it will not be called upon without due cause, to defend the integrity of convictions that occurred many years ago, where records

3

and witnesses are no longer available." <u>McElrath</u>, <u>Id</u>. at 283.[1]

The Applicant's delay has greatly prejudiced the Respondent. The memories of any witnesses have faded. If the Applicant had sought post-conviction relief within a reasonable time after his trial, this problem would not exist. Therefore, the Court should summarily dismiss the Application based on the Applicant's lack of diligence in processing his claim for relief.

IV.

Thus, the State requests that the Court summarily dismiss this Application for PCR as barred by the statute of limitations and as barred by the doctrine of laches.

---

[1] Rule 9(a) of the Federal Habeas Corpus Act recognizes the doctrine of laches. The Rule states in pertinent part:

> A petition may be dismissed if it appears that the state of which the Respondent is an officer has been prejudiced in its ability to respond to the Petition by delay in its filing unless the Petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Furthermore the South Carolina legislatute has recognized this problem and instituted a one year statute of limitations. *See*, S.C. Code Ann.'17-27-45(a).

V.

Each and every allegation contained within the application not hereinbefore either expressly admitted, qualified or explained is hereby denied.

VI.

WHEREFORE, having made its Return, the State requests that the Applicant's current application for PCR be summarily denied and dismissed.

Respectfully submitted,

HENRY DARGAN McMASTER
Attorney General

JOHN W. McINTOSH
Chief Deputy Attorney General

SALLEY W. ELLIOTT
Assistant Attorney General

CHRISTOPHER L. NEWTON
Assistant Attorney General

By: _____
ATTORNEYS FOR RESPONDENT

Office of the Attorney General
P.O. Box 11549
Columbia, SC 29211
(803) 734-3737

_____10-12_____, 2004.

STATE OF SOUTH CAROLINA        )
                               ) IN THE COURT OF COMMON PLEAS
COUNTY OF OCONEE               )

                                    2001-CP-37-446

Daniel Lewis Crowe, #250759
                               )
              Applicant,       )
                               )
       vs                      ) AFFIDAVIT OF SERVICE BY MAIL
                               )
State of South Carolina,       )
                               )
              Respondent.      )
_____)

1.      I am an employee of the Respondent in the above-captioned action.

2.      Regular communication by mail exists throughout the State of South Carolina and that this is a proper circumstance of service by mail.

3.      I have this day served a copy of the Return in the above-captioned matter on the following person(s) by depositing same in the United States mail, postage prepaid:

Richard Harold Warder
P.O. Box 26133
Greenville, SC 29616

DATED this 13th day of October, 2004.

Gianandrea A. Maoli, Legal Assistant
For Respondent

STATE OF SOUTH CAROLINA )

)    IN THE COURT OF COMMON PLEAS

COUNTY OF OCONEE )

2001-CP-37-446

Daniel Lewis Crowe, # 250759, )

)

                    Applicant, )

)

              v. )    ORDER OF DISMISSAL

)

State of South Carolina, )

)

              Respondent. )

_____ )

### PROCEDURAL HISTORY

      This matter comes before the Court by way of an application for post conviction relief filed

August 21, 2001. The Respondent made its Return on October 12, 2004. An evidentiary hearing

into the matter was convened on October 25, 2004, at the Oconee County Courthouse. The

Applicant was present at the hearing and was represented by Richard Warder, Esquire. The

Respondent was represented by Christopher L. Newton of the South Carolina Attorney General's

Office.

      This Court had before it a copy of the application, the respondent's return, the transcript of

the proceedings against the Applicant, the records of the Oconee County Clerk of Court, and the

Applicant's records from the South Carolina Department of Corrections.

      The records before this Court indicate that the Applicant is presently confined in the South

Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for

Oconee County. The Applicant was indicted at the July 1997 term of the Oconee County grand jury

for Murder (97-GS-37-702). He was represented by N. Gruber Sires, Esquire. On June 25, 1998, the



Applicant underwent trial by jury pursuant to which he was found guilty of the charge. He was sentenced by the Honorable Gerald C. Smoak to confinement for a period of life.

A timely Notice of Appeal was filed on Applicant's behalf and an appeal was perfected. The South Carolina Supreme Court affirmed Applicant's conviction and sentence on July 20, 2000. State v. Crowe, Op. No. 2000-MO-102. The remittitur was sent down on August 7, 2000.

In his current Application, the Applicant alleges that he is being held in custody unlawfully for the following reasons:

1.    "Attorney did not object to improper evidence."

2.    "Attorney failed to make Pre-Trial Motions."

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. §17-27-80 (1985).

This Court finds that this Application for Post-Conviction Relief should be summarily dismissed for failure to comply with the filing procedures of the Uniform Post-Conviction Procedure Act. S.C. Code Ann. §17-27-10, et. seq. S.C. Code Ann. §17-27-45(a) reads as follows:

> An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgement of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.

The PCR statute of limitations applies to all applications filed after July 1, 1995. Peloquin v. State, 321 S.C. 468, 469 S.E.2d 606 (1996). Those individuals convicted before the enactment of the



statute have until July 1, 1996 to timely file their application. The Applicant was convicted of the offenses he challenges in this Application on June 25, 1998. The remittitur was issued, following his unsuccessful appeal, on August 7, 2000. This Application was filed on August 21, 20021, well after the one year statutory filing period had expired.

### CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has failed to file his application within the time limits established in S.C. Code Ann. §17-27-45(a). Therefore, since the Applicant failed to present this Court with any sufficient reason to toll the statute of limitations, this application for post conviction relief must be denied and dismissed with prejudice.

This Court advises Applicant that he must file and serve a notice of intent to appeal within thirty (30) days from the receipt of this Order to secure the appropriate appellate review. *See* Rule 203, SCACR. His attention is also directed to South Carolina Appellate Court Rule 227 for appropriate procedures after notice has been timely filed.

### IT IS THEREFORE ORDERED:

1. That the application for post conviction relief is denied and dismissed with prejudice.

2. The Applicant is remanded to the custody of the Respondent.

**AND IT IS SO ORDERED** this 16th day of March, 2004.



Alexander S. Macaulay
Presiding Judge
Tenth Judicial Circuit

_____, South Carolina.

