IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel L. Crowe, #250759, | ) | C/A No.: 1:14-3831-BHH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Daniel L. Crowe is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [ECF Nos. 33, 34]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by May 18, 2015. [ECF No. 35]. After obtaining several extensions, Petitioner filed a response on August 10, 2015. [ECF No. 45]. After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.      Procedural Background

Petitioner was indicted by the Oconee County grand jury during the July 1997 term of court for murder (97-GS-37-702). [ECF No. 33-2 at 10–11]. Petitioner was represented by N. Gruber Sires, Jr., Esq., at a jury trial on June 23–25, 1998, before the Honorable Gerald C. Smoak, Circuit Court Judge. [ECF No. 33-3]. On June 25, 1998, Judge Smoak sentenced Petitioner to life without parole. *Id.* at 414; ECF No. 33-2 at 9 (sentencing sheet).

Petitioner timely filed a notice of appeal and was represented by Joseph L. Savitz, III, of the South Carolina Office of Appellate Defense, who filed a final brief on or about October 14, 1999, presenting the following issue: "The judge erred by refusing to instruct the jury on involuntary manslaughter where appellant testified he did not know the shotgun was loaded when he pulled the trigger." [ECF No. 33-4 at 4].

On July 20, 2000, the South Carolina Supreme Court filed an opinion affirming Petitioner's conviction and sentence. [ECF No. 33-6]. The remittitur issued on August 7, 2000. [ECF No. 33-7].

Over a year later, on August 21, 2001, Petitioner filed an application for post-conviction relief ("PCR") through collateral counsel Richard H. Warder, Esq., in which he alleged ineffective assistance of counsel. [ECF No. 33-2 at 3–8]. A PCR evidentiary hearing was held before the Honorable Alexander S. Macaulay, Circuit Court Judge, on October 25, 2004, at which Petitioner and his counsel appeared.[1] [Referenced in Order of

---

[1] Respondent submits that no transcript was ordered of the PCR hearing because Petitioner did not appeal from the PCR denial. [ECF No. 33 at n.2]. Respondent

2

Dismissal at ECF No. 33-2 at 21]. On November 17, 2004, Judge Macaulay filed an order of dismissal, finding that the action was barred by the one-year statute of limitations that governs the filing of PCR actions, S.C. Code Ann. § 17-27-45(A). *Id.* at 21–23. Petitioner did not appeal from the denial of PCR.

Petitioner filed a second PCR application on April 26, 2005, in which he alleged having "discovered evidence and witness that saw and/or knows that Defendant was involuntarily given drugs to render him under the influence at the time of the crime." [ECF No. 33-1 at 4]. The Honorable J.C. Nicholson, Jr., Circuit Court Judge, filed a conditional order of dismissal on October 4, 2005, finding the application was untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed. [ECF No. 33-1 at 8–11]. On November 2, 2005, Judge Nicholson issued a final order dismissing Petitioner's second PCR application with prejudice. [ECF No. 33-1 at 14–15].

On November 10, 2005, Attorney Warder filed a notice of PCR appeal on Petitioner's behalf. [ECF No. 33-1 at 16], and on or about January 24, 2006, filed a petition for writ of certiorari to the South Carolina Supreme Court, raising the following issue: "Did the PCR court err in summarily dismissing the Petitioner's successive application where he alleges newly discovered evidence subject to S.C. Code of Laws §

---

represents that the files of the South Carolina Attorney General's Office do not contain a copy of the hearing and it is too late to attempt to obtain one from the court reporter, citing Rule 607(i), SCACR ("Except as provided below, a court reporter shall retain the primary and backup tapes of a proceeding for a period of at least five (5) years after the date of the proceeding, and the court reporter may reuse or destroy the tapes after the expiration of that period."). *Id.*

3

17-27-45(C)?" [ECF No. 33-9 at 2]. The South Carolina Supreme Court denied the petition by order filed January 4, 2007. [ECF No. 33-11]. The remittitur issued January 23, 2007. [ECF No. 33-12].

On March 22, 2011, the Clerk of the South Carolina Supreme sent Petitioner a letter responding to his letter of March 13, 2011, advising him that his petition for writ of certiorari was denied on January 4, 2007. [ECF No. 33-13 at 15]. Over a year later, Petitioner filed a third PCR application on April 9, 2012, in which he alleged ineffective assistance of PCR counsel. *Id.* at 6. The Honorable R. Lawton McIntosh, Circuit Court Judge, filed a conditional order of dismissal on September 30, 2013, provisionally denying and dismissing the application and giving Petitioner 20 days to explain why the dismissal should not become final. [Referenced in ECF No. 33-18 at 1]. On June 6, 2014, Petitioner submitted a pro se response, arguing that his untimely and successive PCR action was exempt from the procedural bars because his original PCR counsel's performance was purportedly ineffective. [ECF No. 33-17 at 12–31]. On November 25, 2014, Judge McIntosh issued a final order dismissing Petitioner's third PCR application with prejudice. [ECF No. 33-18]. Petitioner did not appeal from this order.

On September 23, 2014, Petitioner filed this federal petition for a writ of habeas corpus. [ECF No. 1-2 at 1].[2]

---

[2] The petition was received by the court on September 26, 2014, and docketed on October 1, 2014. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on his envelope reflects his petition was deposited in the Perry Correctional mailing system on September 23, 2014. [ECF No. 1-2 at 1].

4

II.   Discussion

   A.   Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**   The trial court erred in failing to instruct the jury that they could find Petitioner guilty of involuntary manslaughter.

Supporting Facts: Petitioner asserts the State Supreme Court's decision in denying relief on this issue was objectively unreasonable in light of the evidence presented. Petitioner submits that based on the facts of the case and the evidence presented by Petitioner the jury could have reasonably found Petitioner guilty of involuntary manslaughter had the jury been instructed on such.

**Ground Two:**   Ineffective assistance of counsel

Supporting Facts:
(A) Trial Counsel was ineffective for eliciting prior bad acts of Petitioner that mirrored the offense for which Petitioner was on trial for;
(B) Trial Counsel was ineffective for failing to object to the Trial Court's jury instructions on malice that impermissibly shifted the burden of proof in violation of the Due Process Clause;
(C) Trial counsel was ineffective for failing to object to the Trial Court's jury instructions when the Trial Court "failed" to instruct the jury on the essential element of "criminal intent;
(D) Trial Counsel was ineffective for relying solely on the State's evidence and failed to conduct any independent investigation, including but limited to questioning witnesses, that were at the incident the night in question and had counsel conducted independent investigation counsel could have located the witnesses who had critical information concerning drugs being placed in Petitioner's drink unaware to Petitioner that would have supported involuntary intoxication theory;
(E) Trial Counsel rendered ineffective assistance of counsel when counsel entertained an actual conflict of interest.

**Ground Three:**   Newly discovered evidence

Supporting Facts: Petitioner discovered the existence of witnesses present the night in question who have knowledge that a third party

> secretly spiked Petitioner's drinks in a way that caused Petitioner's involuntary intoxication. The wtinesses also observed the decedent attempt to cause Petitioner great bodily harm thus giving Petitioner the right to act in self-defense.

[ECF Nos. 1 at 5–8; 1-1 at 2–5 (errors in original)].

### B.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

### C.     Analysis of AEDPA Bar

#### 1.     AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified

procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*,

7

257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court); *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[3]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when

---

[3] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

8

its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

2. Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. Petitioner was found guilty and was sentenced on June 25, 1998. [ECF No. 33-3 at 414; 33-2 at 9]. Petitioner directly appealed to the South Carolina Supreme Court, which affirmed his conviction and sentence on July 20, 2000. [ECF No. 33-6]. Petitioner's conviction became final on July 20, 2000.

Accordingly, Petitioner's one-year statute of limitations period began running on July 21, 2000, and expired 365 days later, on July 23, 2001. Although Petitioner filed his first PCR action on August 21, 2001, prior to the passage of 365 days, it was not a "properly filed" application for state PCR sufficient to toll the statute of limitations because the circuit court found that it was barred by the state statute of limitations, S.C. Code Ann. § 17-27-45(A) (establishing that a PCR application "must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later."). *See Pace*, 544 U.S. at 417 (holding "that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's

PCR petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)").

Accordingly, Petitioner's federal habeas petition, filed September 23, 2014, [ECF No. 1-2 at 1], was filed 13 years after the statute of limitations had run. The undersigned recommends finding Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

### 3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 659 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

#### a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this petition in no manner suggests that he diligently pursued his rights. Petitioner waited over a year from the South Carolina Supreme Court's order affirming his conviction and sentence to file his first PCR application, which the undersigned finds

11

is evidence that Petitioner was not pursuing his rights diligently. The state PCR judge explicitly found that Petitioner's PCR was barred by the one-year statute of limitations governing the filing of state PCR applications.

Petitioner's filing of successive PCR applications on April 26, 2005, and April 9, 2012, did not toll the statute of limitations because neither was a "properly filed" application under *Pace*, as each was barred by the state PCR statute of limitations, and the limitations period in § 2244(d)(1) had expired before either action was filed.

Petitioner argues that "should this application be considered untimely, the principles of equitable tolling and gap tolling apply based on *Martinez v. Ryan's* ineffective assistance of PCR Counsel holdings." [ECF No. 1 at 13]. "Gap tolling" is recognized by the United States Supreme Court for federal habeas cases arising out of convictions from California and is based upon a state court procedure in California that is not followed in South Carolina.[4]

---

[4] The Supreme Court determined that California's "special system governing appeals" of habeas petitions is "sufficiently analogous to appellate review systems in other States" that AEDPA's statute of limitations is tolled between the unfavorable decision on an original petition in a lower court and the filing of a subsequent petition. *See Evans v. Chavis*, 546 U.S. 189, 192–93. This is commonly referred to as "gap tolling" or "interval tolling." *See Gaston v. Palmer*, 417 F.3d 1030, 1041 (9th Cir. 2005) (citing *Carey*, 536 U.S. at 223); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam). However, AEDPA's statute of limitations is tolled only if the prisoner timely filed his subsequent petition in a higher state court. *Id*. By contrast, in South Carolina, the proper remedy to challenge an unfavorable ruling of the state PCR court is to serve and file a notice of appeal in the South Carolina Supreme Court and thereafter seek relief by filing a petition for a writ of certiorari. S.C. Code Ann. § 17-27-100; Rule 71.1(f), SCRCP; Rule 227, SCACR. *See Al-Shabazz v. State*, 527 S.E.2d 742, 747 (S.C. 2000). Therefore, gap tolling does not apply to Petitioner's case.

As Respondent correctly notes [ECF No. 33 at 16], the requirement that Petitioner prove that he was prevented from timely filing by extraordinary circumstances that were beyond his control or external to his own conduct does not include the failure of his attorney to advise him of the statute of limitations or misadvice from counsel, as opposed to grossly outrageous and incompetent conduct by counsel discussed in *Holland*. *See Lawrence*, 549 U.S. at 336–37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner, and finding no equitable tolling when counsel erroneously advised petitioner as to the statute of limitations). *Compare Holland*, 560 U.S. at 652 ("serious instances of attorney misconduct" may rise to the level of an extraordinary circumstance necessary to justify equitable tolling). *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a

petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

                              b.      Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned finds that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle Petitioner to equitably toll the AEDPA's statute of limitations.

Petitioner argues in his response to summary judgment that "[t]o date there has not been a 'full and fair' PCR hearing for Petitioner to present his federal claims to the state courts," [ECF No. 45 at 6], pursuant to *Martinez*, and that his case is "truely extraordinary due to the many procedural irregularities that have transpired throughout his case," notably his PCR counsel's late filing and failure to appeal from his PCR denial. *Id.* at 7.

In *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 1315 (2012), the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial." As an initial matter, *Martinez* does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the *Martinez* Court expressly noted that its holding "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a

14

State's appellate courts." 132 S.Ct. at 1320; *Johnson v. Warden of Broad River Corr.,* No. 12-7270, 2013 WL 856731 at *1 (4th Cir. Mar. 8, 2013) (finding that PCR appellate counsel error cannot constitute cause under *Martinez* exception); *Johnson v. Cartledge,* No. 12-1536, 2014 WL 1159591 at *10 (D.S.C. Mar. 21, 2014) (same); *Crowe v. Cartledge*, No. 9:13-CV-2391 DCN, 2014 WL 2990493, at *6 (D.S.C. July 2, 2014) (same).

More significantly, however, the *Martinez* Court held that a petitioner asserting claims for ineffective assistance of counsel may demonstrate sufficient cause to excuse a *procedural default* upon a showing that PCR counsel was ineffective in failing to raise a claim that should have been raised below. *Jones v. Cartledge,* No. 1:13-cv-720-DCN, 2013 WL 6780568, at *7 (D.S.C. Dec. 19, 2013) (emphasis added). In this matter, the issue is not procedural default, but the timely filing of the petition under AEDPA's statute of limitations. "*Martinez* has no applicability to cases barred by [AEDPA's statute of limitations]." *Couch v. Woodson,* No. 2:13cv146, 2013 WL 5933543, at *2 (E.D. Va. Nov.5, 2013) (citing *Saunders v. Lamas,* No. 12-1123, 2013 WL 943351, at *6 (E.D. Pa. Feb.13, 2013); *Price v. Warden McCormick Corr. Inst.*, No. 8:13-CV-700-RMG, 2014 WL 358434, at *2 (D.S.C. Jan. 31, 2014).

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary

15

judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 34] be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

September 14, 2015                                      Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).