IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel L. Crowe, #250759, | ) Civil Action No.: 1:14-3831-BHH |
| Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Warden of Perry Correctional Institution, | ) |
| Respondent. | ) |

Petitioner Daniel L. Crowe, ("Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Shiva V. Hodges, for pretrial handling and a Report and Recommendation ("Report"). Judge Hodges recommends that Respondent's motion for summary judgment be granted and Petitioner's § 2254 petition be dismissed, *with prejudice*. (ECF No. 46.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent on September 23, 2014,[1] alleging, *inter alia,* ineffective assistance of trial counsel. On September 14, 2015, the Magistrate Judge issued a Report; and on October 13, 2015, Petitioner filed his Objections. (ECF

---

[1] This filing date reflects the date the petition was received by the Perry Correctional Institution mailroom. (ECF No.1-2.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

No. 51.) The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

As noted above, Petitioner filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. Petitioner first objects that the Magistrate Judge erred in her "recitation of the procedural history" by attributing the actions taken in the post-conviction review ("PCR") process to Petitioner, rather than Petitioner's collateral

---

[2] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

counsel. (ECF No. 51 at 5.) Relatedly, Petitioner argues that the Magistrate Judge's statement that Petitioner filed his first PCR action "prior to the passage of 365 days" indicates that this PCR action was timely filed. (*Id.* at 6.)

The Magistrate Judge provided a detailed procedural history of Petitioner's actions for PCR relief; correctly finding that the first PCR action was not timely filed, and, therefore, each of the grounds raised in the § 2254 petition are procedurally barred from review. (ECF No. 46 at 2–4.) As explained in the Report, Petitioner's conviction became final on October 18, 2000, the last date on which he could seek review in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012). Thus, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from October 18, 2000 to file his § 2254 petition. 28 U.S.C. § 2244(d)(1)(A).

Contrary to Petitioner's objection, the Magistrate Judge explicitly recognized that "Petitioner filed an application for post-conviction relief ("PCR") through collateral counsel Richard H. Warder, Esq." (ECF No. 46 at 2.) She stated that Petitioner filed his first PCR action "prior to the passage of 365 days," on August 21, 2001. (ECF No. 46 at 10.) Here, the Magistrate Judge was acknowledging that Petitioner filed the *PCR action* prior to the expiration of the one-year AEDPA statute of limitations. However, Petitioner needed to file his *federal habeas petition* within this limitations period, which he did not do, as discussed below.

The Magistrate Judge proceeded to find that Petitioner failed to file his first PCR action within the one-year *state* statute of limitations, which is triggered by a different

-3-

date than that under § 2244(d)(1)(A). *See* S.C. Code Ann. § 17-27-45 ("An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later."). The state statute of limitations began to run when the remitter was sent following Petitioner's unsuccessful appeal of his conviction, on August 7, 2000. (ECF No. 33-7.) Because Petitioner did not file his first PCR action until over a year later on August 21, 2001, the PCR action was not timely filed. As a result, the circuit court found that it was not a "properly filed" application for state post-conviction relief and dismissed the first PCR action as untimely. (ECF No. 33-2 at 17.) The AEDPA statute of limitations was therefore never tolled—it expired on October 18, 2001. *See* 28 U.S.C. § 2244(d)(2) (stating that the one-year period to file a § 2254 petition is tolled for the "time during which properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). Accordingly, the Magistrate Judge correctly found that Petitioner's federal habeas petition was procedurally barred because he did not file the § 2254 petition until roughly thirteen years later, on September 23, 2014. The Court finds that the Magistrate Judge did not err in her recitation of the procedural history, and Petitioner's first objection is therefore overruled.

Petitioner next objects that even if his § 2254 petition was untimely filed, he is entitled to equitable tolling. In *Holland v Florida*, 560 U.S. 631, 649 (2010), the United States Supreme Court recognized that the statute of limitations on petitions for federal habeas relief may be equitably tolled only if the petitioner shows, "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks and citation omitted). "Extraordinary circumstances" have been applied in two distinct situations. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id.* (citing *Alvarez–Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

Here, Petitioner argues that his PCR attorney's conduct constitutes "extraordinary circumstances" entitling him to equitable tolling. (ECF No. 51 at 7–8.) Specifically, Petitioner alleges that his PCR counsel acknowledged the untimely filing of the first PCR action and "assured that he (Warder) would get the case heard since the denial of the first PCR was his (Warder'[s]) fault for not timely filing the initial application." (*Id.* at 5.)

*Holland* is instructive here. In *Holland*, the Court considered whether the conduct of the petitioner's attorney amounted to "extraordinary circumstances" sufficient to warrant equitable relief. 560 U.S. at 651–652. The Court found that the conduct must amount to more than "a garden variety claim of excusable neglect" and proceeded to find the petitioner's allegations that his attorney "failed to file [the] petition on time and appears to have been unaware of the date on which the limitations period expired" to suggest only "simple negligence." *Id.* at 651–52. These allegations are analogous to those made in the instant action. The *Holland* Court went on to recount further facts that

suggested the presence of "extraordinary circumstances," including the petitioner's remarkable diligence in seeking guidance from his attorney and his prompt efforts to remedy his attorney's failings. *Id.* at 652. However, such additional conduct is lacking here. Thus, because the conduct of Petitioner's attorney amounts to no more than "simple negligence," it cannot constitute extraordinary circumstances sufficient to warrant equitable tolling. Petitioner's second objection is therefore overruled.

Finally, Petitioner objects that the Magistrate Judge erred in finding that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), does not serve to establish cause to excuse Petitioner's untimely filing. (ECF No. 51 at 8–9.) He argues that similar to the petitioner in *Martinez*, his "PCR counsel's ineffectiveness has thwarted Petitioner's federal claims from ever being addressed by any court." (*Id.* at 10.) However, Petitioner recognizes that "the *Martinez* Court was not confronted with such a scenario as Petitioner has suffered from in the instant matter." (*Id.*) He states that "the issue here presents a novel question of law . . . : What is the remedy for a [p]etitioner when PCR counsel in the first initial-review collateral proceeding utterly fails to timely file the initial PCR application?" (*Id.*)

Unfortunately, Supreme Court precedent compels this Court to find that there is no remedy available on such facts. In *Martinez*, the Supreme Court held that when a state requires its defendants to raise ineffective assistance of trial counsel claims in initial-review collateral proceedings, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective under *Strickland v. Washington*, 466 U.S. 886 (1984). 132 S.Ct. at 1320. In

that limited circumstance, the habeas petitioner will be able to demonstrate cause to excuse his procedural default. *Id.*

This narrow exception, however, does not impact the application of the AEDPA's one-year statute of limitations, which bars untimely filed petitions. *Martinez*'s holding is equitable rather than constitutional—it does not provide for the review of untimely claims. *See McKelvey v. United States*, No. 6:00–cr–00380–GRA–1, 2013 WL 2635886 (D.S.C. June 12, 2013) ("*Martinez* addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding.") (petition filed pursuant to 28 U.S.C. § 2255). Other courts have similarly concluded that *Martinez* is inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations. *See Stromberg v. Varano*, 2012 WL 2849266 at *5 n.37 (E.D.Pa. July 11, 2012) (noting *Martinez* exception does not alleviate petitioner's burden to overcome AEDPA statute of limitations); *Perez v. Williams*, 2012 WL 2389669, at *2 (D. Nev. June 25, 2012) (noting time-barred petition unaffected by *Martinez* decision); *Arthur v. Thomas*, 2012 WL 2357919, at *8 (N.D. Ala. June 20, 2012) (noting petitioner's habeas claims were not filed "until long after the limitation period provided by the AEDPA had passed," unlike *Martinez*'s timely filed habeas claims); *Yow v. Thaler*, 2012 WL 2795850, at *2 (N.D. Tex. June 20, 2012) ("The *Martinez* case, however, addressed a claim of procedural default. The case did not address the AEDPA statute of limitations."). Thus, *Martinez* has no impact on Petitioner's federal habeas petition, and does not trigger the application of 28 U.S.C. § 2244(d)(1)(C) (claims alleged in petition rely on new rule of federal constitutional law

given retroactive application). Petitioner's federal habeas petition is subject to the AEDPA's statute of limitations, which is not impacted by the holding in *Martinez*.

Accordingly, although the Court is sympathetic to Petitioner's unfortunate circumstances, it must overrule this objection and find that the AEDPA statute of limitations bars Petitioner's § 2254 petition.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 34) is GRANTED and Petitioner's § 2254 petition is DISMISSED, *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the

legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

February 5, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.